**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHEYNA DOUPREA, | No. 18-16139 |
| Petitioner-Appellant, | D.C. No. 4:15-cv-06133-JST |
| v. | |
| JANEL ESPINOZA, Warden, Central California Women's Facility, Chowchilla, California, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted June 11, 2020[**]
San Francisco, California

Before: SCHROEDER and BUMATAY, Circuit Judges, and MORRIS,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian M. Morris, United States District Judge for the
District of Montana, sitting by designation.

Petitioner Sheyna Douprea, a California prisoner, was convicted by a jury of first-degree murder in the 2008 stabbing death of her intoxicated boyfriend, Daniel Mooney. She received a sentence of 25 years to life in prison. The California Supreme Court denied her petition for habeas corpus without opinion.

The district court issued a comprehensive order considering all her claims. We granted a certificate of appealability on her claim of ineffective assistance of trial counsel in failing to investigate and present evidence of her mental condition at the time of the stabbing. We affirm the district court's denial of the petition.

Petitioner's defense at trial was that she acted in self defense. Her main post-conviction claim is that her trial counsel did not sufficiently investigate her mental condition in order to present expert evidence to the jury that her mental state at the time of the killing negated a finding of first-degree murder. Petitioner's counsel at trial did present an expert witness on PTSD and intimate partner violence. The witness testified Petitioner suffered from PTSD as the result of repeated trauma and generally about intimate partner violence.

Even assuming that counsel's performance was deficient because of a failure to investigate a potential mental state defense, there was no prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Had counsel presented a mental state defense at trial, it would have undermined petitioner's own

2

explanations to the police that she acted in self defense. *See Greenway v. Ryan*, 856 F.3d 676, 682 (9th Cir. 2017). Moreover, the jury heard considerable evidence concerning Petitioner's mental problems and her abusive relationship, and nevertheless found Petitioner guilty. Even if counsel had pursued a mental state defense, that defense would not have affected the result at trial.

We also reject Petitioner's argument that counsel was constitutionally ineffective at trial for failing to present to the jury evidence of dissociation, or additional evidence about PTSD and Intimate Partner Violence (IPV). Evidence of dissociation would have undercut Petitioner's argument that she acted in self-defense. Presentation of additional PTSD and IPV evidence would not have made a difference in the jury's verdict.

Nor was counsel constitutionally ineffective for failing to turn over additional medical records to the expert witness. Much of that history was unfavorable to petitioner and would have undercut her credibility at trial. *See Murtishaw v. Woodford*, 255 F.3d 926, 945 (9th Cir. 2001).

The district court's denial of the petition is

**AFFIRMED.**